Tucker Judge.
The essence of a plea of former acquittal, or conviction is, that he was legitimo modo acquietatus, &c. Here then it is necessary that the party should have been *261 acquitted or convicted not only in due form, but by a court having competent jurisdiction. 1st. As to due form. Here is nothing in this record that amounts to an acquittal or conviction of either murder or manslaughter. The party was not arraigned;—he was not even indicted;—there can be no acquittal or conviction, but in consequence of both these modes of proceeding. 2 H. H. P. C. 216. 4 Bl. 322.
2d. The court had not competent jurisdiction; the court has no jurisdiction in criminal cases beyond the letter of the act. That act authorizes the court only to do one of three things; viz. to consider, whether as the case may appear to them the prisoner may be discharged from further prosecution; may be tried in the county or corporation court, or must be tried by the district court. Now the act establishing county courts is express, that these courts shall not have jurisdiction in any case, where the judgment in case of conviction shall be for life or member,
3d. The record produced does not support either of these pleas. An acquittal must be final: so must a conviction: the court have neither acquitted, nor convicted; for they have sent him hither to be tried for the offence of manslaughter. Here then the opinion of the court is neither qn acquittal nor a conviction, but merely an opt- *262 nion that he must be tried before a court having competent jurisdiction of the case, who may thereafter acquit or convict as the case shall appear before them.